1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3  JAY T. RAMSEY, Cal. Bar No. 273160
   1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
4  Telephone:    310.228.3700
   Facsimile:    310.228.3701
5  jramsey@sheppardmullin.com

6  KLEIN MOYNIHAN TURCO LLP
   NEIL E. ASNEN (*pro hac vice to be filed*)
7  450 Seventh Avenue, 40th Floor
   New York, New York 10123
8  Telephone:    212-246-0900
   Facsimile:    212-216-9559
9  nasnen@kleinmoynihan.com

10 Attorneys for Defendant
   DIGITAL MEDIA SOLUTIONS LLC
11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15 MARTA GREENBERG, an individual,          Case No.: 3:19-cv-355
   JOHN JUDGE, an individual,
16 KAREN MANDEL, an individual,             **NOTICE OF REMOVAL OF STATE
   ANDREW MONROE, an individual, and        COURT CIVIL ACTION**
17 KATIE VAN CLEAVE an individual;
                                            Removed from the Superior Court of the State
18              Plaintiffs,                  of California, San Francisco County, Case No.
                                            CGC-18-572010
19          v.
                                            Action Filed: December 12, 2018
20 DIGITAL MEDIA SOLUTIONS LLC, a
   Delaware limited liability company, BILCO
21 MEDIA INC., a business entity of unknown
   organization, ALLAN HUGHES, an individual,
22 and DOES 1-100,

23              Defendants.

24

25

26

27

28

{00131948;1}

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Digital Media Solutions, Inc. ("DMS") hereby removes this matter from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. In support of removing this action, DMS states as follows:

**I.      BACKGROUND**

      1.    On December 12, 2018, Plaintiffs Marta Greenberg, John Judge, Karen Mandel, Andrew Monroe and Katie Van Cleave commenced a civil action in the Superior Court of the State of California for the County of San Francisco captioned *Marta Greenberg, et al. v. Digital Media Solutions LLC, et al.*, Case No. CGC-18-572010 ("Complaint"). A true and correct copy of the documents served on Defendant, which includes a copy of the Complaint, is attached hereto as **Exhibit A**.

      2.    Defendant was served with this pleading on December 21, 2018.

      3.    Defendant's Notice of Removal is timely, this filing being made within 30 days of service on Defendant's copy of the Complaint setting forth the claims for relief upon which the action is based.

      4.    No previous notice of removal has been filed in this case.

      5.    By removing this action, DMS does not waive any defense available to it and does not concede the truth of any allegation contained in the Complaint.

**II.     REMOVAL IS PROPER**

      6.    Removal to this Court is appropriate because DMS is entitled to exercise such a statutory right in accordance with 28 U.S.C. § 1441(a) and (b) as a result of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000.00, exclusive of interests and costs, and is between citizens of different states.

      7.    The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00, exclusive of interests and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

8.     Here, Plaintiffs are suing under Cal. Bus. & Prof. Code § 17529.5, claiming damages against DMS in the aggregate amount of $282,000.00.  Plaintiff Judge alone seeks $79,000.00. *See* Complaint ¶ Prayer for Relief, subparagraph B.

9.     In addition, Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) provides for a potential award of attorneys' fees to Plaintiffs. As such, the statutory attorneys' fees which Plaintiffs seek alone would likewise satisfy the $75,000.00 threshold for diversity jurisdiction. *See e.g., Balsam v. Trancos*, 203 Cal. App. 4th 1083 (Cal. App. Ct. 2012) (awarding plaintiff attorneys fees in the amount of $81,900.00). The court can consider future attorneys' fees, not just attorneys' fees as of the date of removal, when calculating a reasonable estimate of a plaintiff's attorneys fees. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

10.     Thus, the amount in controversy exceeds $75,000.00 for the subject claims.  To the extent that any individual plaintiff other than Judge claims that the monetary threshold is not met with respect to his/her respective claim, notwithstanding the aforementioned argument concerning the claim for attorney's fees, the Court can and should nevertheless exercise supplemental jurisdiction over such claims because these plaintiffs allegedly received similar emails thus forming part of the same case or controversy. 28 U.S.C. § 1367.

**Complete Diversity Exists**

11.     Complete diversity of citizenship exists because none of the defendants are citizens of the state of citizenship of any plaintiff. *See* 28 U.S.C. § 1332(a)(2).

12.     The five individual plaintiffs all reside in California. *See* Complaint ¶¶ 8-13.

13.     Defendant DMS is a Delaware limited liability company with its principal place of business in Florida.

14.     DMS has two members, CEP V DMS US Blocker Co., a Delaware corporation with a principal place of business in Toronto, Canada, and Prism Data, LLC, which has three (3) individual members: Fernando Borghese (a citizen of the state of Pennsylvania), Joe Marinucci (a citizen of the state of Florida), and Luis Ruelas (a citizen of the state of New Jersey).

15.     Defendant Bilco Media is a non-California citizen entity and Plaintiffs have not filed any paperwork indicating that it has been served with the Complaint.

16.     Defendant Allan Hughes is a citizen of Canada and Plaintiffs have not filed any paperwork indicating that he has been served with the Complaint.

17.     The citizenship of the "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

18.     Complete diversity exists among the he parties and the amount in controversy requirements for jurisdiction under Section 1332(a) are satisfied. As such, this action may be removed. *See* 28 U.S.C. § 1441(b).

## III.     VENUE

19.     Venue is proper in this Court, in that this is the Court for the district and division embracing the place where the action is pending in state court (San Francisco County).  28 U.S.C. § 1441(a).

## IV.     NOTICE AND SERVICE

20.     Contemporaneously with the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(b), Defendant is providing Plaintiffs, through their counsel, with written notice of the removal.

21.     Further, Defendant is also concurrently filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco, pursuant to 28 U.S.C. § 1446(d).

22.     Because no other defendant has been served, there is no requirement to obtain their consent to this removal or their joinder in it.

## V.     NO WAIVER OF DEFENSES

23.     By removing this action, DMS does not waive any defenses available to it, including but not limited to those under Fed. R. Civ. P. 12(b) and 12(c).  DMS believes that the claims asserted are meritless, and reserves all of its rights.  By way of setting forth the bases for removal in this Notice, DMS in no way concedes the truth of the allegations in the Complaint.  DMS does and will dispute the claims in their entirety.

## VI.    CONCLUSION

24.     Because this civil action is one for which diversity jurisdiction exists, Defendant respectfully requests that this Court permit removal of a case over which it has original jurisdiction.

WHEREFORE, Defendant DMS removes the above action to this Court.

Dated:  January 22, 2019              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____
                      */s/ Jay T. Ramsey*
                         JAY T. RAMSEY

                      KLEIN MOYNIHAN TURCO LLP
                      Neil Asnen (*pro hac vice* to be filed)

                      Attorneys for Defendants
                      DIGITAL MEDIA SOLUTIONS LLC

{00131948;1}                          -4-