SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:     310.228.3701
jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
NEIL E. ASNEN (*pro hac vice to be filed*)
450 Seventh Avenue, 40th Floor
New York, New York 10123
Telephone:    212-246-0900
Facsimile:     212-216-9559
nasnen@kleinmoynihan.com

Attorneys for Defendant
DIGITAL MEDIA SOLUTIONS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA GREENBERG, an individual, JOHN JUDGE, an individual, KAREN MANDEL, an individual, ANDREW MONROE, an individual, and KATIE VAN CLEAVE an individual;<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL MEDIA SOLUTIONS LLC, a Delaware limited liability company, BILCO MEDIA INC., a business entity of unknown organization, ALLAN HUGHES, an individual, and DOES 1-100,<br><br>Defendants. | Case No.: 3:19-cv-00355<br><br>**DEFENDANT DIGITAL MEDIA SOLUTIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>*Not yet assigned to a Judge*<br><br>Date:          To be determined<br>Time:          To be determined<br>Courtroom:  To be determined |

{00131986;1}

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court once the case is assigned to a Judge and in a location also to be determined by the assigned Judge, Defendant Digital Media Solutions, LLC will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint of plaintiffs Marta Greenberg, John Judge, Karen Mandel, Andrew Monroe, and Katie Van Cleave for violations of California Business and Professional Code § 17529.5.  The Motion is made on the grounds that the Complaint fails to state a claim upon which relief may be granted.

This Motion to Dismiss will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the record, pleadings, and papers on file herein, and upon such other further evidence as may be presented at the time of the hearing.

Dated:  January 29, 2019               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                By          */s/ Jay T. Ramsey*
                                              JAY T. RAMSEY

                                       KLEIN MOYNIHAN TURCO LLP
                                       Neil Asnen (*pro hac vice* to be filed)

                                           Attorneys for Defendants
                                       DIGITAL MEDIA SOLUTIONS LLC

## I. INTRODUCTION

In their Complaint, Plaintiffs raise claims against defendant Digital Media Solutions, LLC ("DMS") for violation of Cal. Bus. & Pro. Code § 17529.5 ("17529.5"). The claims ignore precedential case law that governs the proper application of the statute. Specifically, Plaintiffs rely exclusively on *Balsam v. Trancos*, 203 Ca. App. 4th 1083 (2012). However, the California Court of Appeal's subsequent decision in *Rosolowski v. Guthy-Renker*, 230 Cal. App. 4th 1403 (2014) explicitly distinguished *Balsam* and provided guidance governing the analysis of Plaintiffs' claims under 17529.5. In the years following the *Rosolowski* decision, courts have routinely eschewed the inappropriately narrow 17529.5-related analysis espoused by *Balsam* in favor of the more suitable fulsome analysis adopted in *Rosolowski*. Under the proper *Rosolowski* standard, Plaintiffs have not stated a valid claim for relief 5. Likewise, given the regulations contained within the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701, *et seq.*, Plaintiffs also fail to set forth sufficient allegations to avoid express preemption by federal law. As a result, DMS is entitled to dismissal of Plaintiffs' claims against it.

Plaintiffs allege that they received unsolicited emails that were sent by one or more of the co-defendants and which advertised DMS's website and/or its products and services. *Compl.* ¶ 15, 27. They claim that these emails violated Cal. Bus. & Pro. Code § 17529.5 because the headers of such emails allegedly contain generic names in the "From" field which allegedly misrepresent from whom the emails were sent, that they were sent from allegedly untraceable domain names, and that they contain subject lines which violate the statute. Nevertheless, Plaintiffs' claims amount to nothing more than technical allegations concerning what was included in the emails' headers. This is precisely what the CAN-SPAM Act regulates. In the absence of factual allegations that the emails contained materially false or deceptive information, the claims are expressly preempted by the federal CAN-SPAM Act. Plaintiffs' conclusory assertion of falsity and deception, *Compl.* ¶ 15 are insufficient to save the claims from preemption given the substance of the factual allegations themselves.

The *Rosolowski* decision, referenced above and discussed in further detail below, sets forth the standard by which emails may be found to misrepresent information for purposes of 17529.5. *Rosolowski* stands for the proposition that when the identity of senders and/or advertisers can be ascertained upon a fulsome examination of the body of the email (inclusive of any hyperlink to the sender or advertiser's email included therein, an unsubscribe link and any physical mailing address likewise included in the body of the email) the email does not contain falsified or misrepresented header information. This extends to an email's use of generic from names and/or allegedly untraceable domains. *See generally Rosolowski*. Here, the exemplar email included by Plaintiffs in the Complaint exhibits that the identity of DMS was neither falsified nor misrepresented, nor was it deceptively concealed because all of the required information to identify DMS was included in the body of the email: the link to a DMS-Internet property website, a physical mailing address and an unsubscribe link. Plaintiffs' claims concerning the header information, therefore, fail to satisfy the *Rosolowski* standard and must be dismissed.

Plaintiffs' claims concerning the subject lines of the emails at issue likewise fail to satisfy the standard set forth *Rosolowski*. Similar to the standard it adopted with respect to header information, *Rosolowski* held that an email's subject line is appropriately viewed in conjunction with the body of the email, rather than in isolation, in analyzing 17529.5 claims that the subject lines are likely to deceive. *Rosolowski,* 230 Cal. App. 4th 568. Again, the Complaint itself indicates that the subject lines do not violate the statute under *Rosolowski*. The body of the exemplar email, which concerned the availability of warranty options, is consistent with the subject lines of the emails as identified by Plaintiffs (*see Compl.* ¶ 51) and demonstrate that no recipient acting reasonably under the circumstances would likely be deceived thereby. As such, no violation of 17529.5 may lie.

For the foregoing reasons, as described in further detail below, DMS respectfully requests that the claims against it be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss the subject claims brought by Plaintiffs for alleged violations of Cal. Bus. & Pro. Code § 17529.5 for their failure to state a claim upon which relief may be granted. Under this standard, grounds for dismissal may either be "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. ARGUMENT

### A. The Federal CAN-SPAM Act Preempts Plaintiffs' Claims for Violation of *Cal. Bus. & Pro. Code § 17529.5(a)(2)*

Plaintiffs' claims for violation of Cal. Bus. & Pro. Code 17529.5(a)(2) are subject to dismissal because they are expressly preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701, *et seq.* Generally, the CAN-SPAM Act, regulates the transmission of unsolicited commercial email by prohibiting sending messages with "deceptive subject headings" or "header information that is materially false or materially misleading." *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 823 (2011). One of the primary goals of the CAN-SPAM Act was to implement one national standard concerning the content of commercial email. *Id.* at 27. To accomplish that goal, the CAN-SPAM Act includes the following express preemption provision:

> (1) In general. This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail messages or information attached thereto.
>
> (2) State law not specific to electronic mail. This chapter shall not be construed to preempt the applicability of –
>
>     (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
>
>     (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

Here, Plaintiffs' claims for violation of Cal. Bus. & Pro. Code § 17529.5(a)(2) are expressly preempted by the CAN-SPAM Act because they seek to challenge the email's use of particular names used "from" field and domain names included in the of the subject commercial emails' headers, which Plaintiffs argue misrepresent who the emails are from. To be sure, however, the Ninth Circuit court has previously held that "technical allegations regarding header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 106 (9th Cir. 2009).

Plaintiffs attempt to avoid preemption by alleging in conclusory fashion that "a From Name that misrepresents who a spam is from is *not* a mere technical error; rather, it is a material misrepresentation of the most important part of the email header." *Compl.* ¶ 37. However, case law has decisively held to the contrary. The Ninth Circuit has ruled that allegations concerning what must be included in the "from" field of a commercial email is precisely the type of content or labeling requirement that is "clearly subject to preemption." *Gordon,* 575 F.3d at 1064. In fact, Plaintiffs' complaint makes clear that the nature of the claims are not that the names in the "From" field are materially false or deceptive, but rather that they are merely generic. *Compl.* ¶ 37. Nevertheless, the California Court of Appeal addressed the propriety of generic names in the "From" field in *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, finding such generic From names to be perfectly acceptable when the bodies of email contain adequate identifying information. Plaintiffs' allegation at paragraph 39 of the Complaint that "truthful information in the body . . . does not cure misrepresented information contained in or accompanying the headers" has been flatly rejected by *Rosolowski*. Accordingly, at best, Plaintiffs' claims amount to nothing more than an argument that the headers contain deficiencies consisting of non-deceptive statements as opposed to material falsity or deception, and thus are expressly preempted by CAN-SPAM.

Importantly, Plaintiffs do not claim that the names in the "From" field or the domain names are materially falsified or deceptive insofar as, for example, the names in the "from" field

are not alleged to be persons known to the Plaintiffs and the senders of the subject emails spoofed the names, as has been held to be materially deceptive in *Hoang v. Reunion.com, Inc.*, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010). To the contrary, the Plaintiff's allegations are analogous to those presented to the Ninth Circuit in *Gordon*, which were ultimately deemed to be claims for incomplete or less than comprehensive information regarding the identity of the email's sender, despite that plaintiff's protestations that the emails violated 17529.5 because they misrepresented or obscured the identity of the seller. *Gordon.* 575 F.3d at 1064. As a result, the Court should reach the same conclusion reached in *Gordon*, the 17529.5(a)(2) claims are preempted by the CAN-SPAM Act.

Plaintiffs' claims concerning the domain names of the subject emails fare no better in escaping preemption given the *Rosolowski* decision and because they likewise amount to complaints of incomplete or less than comprehensive information regarding the identity of the sender. The Complaint bears out that Plaintiff's claims are simply that "Plaintiffs could not identify PLATINUM's Marketing partner by querying the Whois database." *Compl.* ¶ 47. This is insufficient to state a claim that there is material falsity or deception. Moreover, *Rosolowski* subsequently found that "[i]rrespective of the allegedly untraceable domain names herein, the identity of the sender was readily ascertainable from the body of the emails; therefore, Plaintiffs failed to state a cause of action against Guthy for mispresented header information under Section 17529.5, subdivision (a)(2)." *Id.* at 1414-15. Given both the absence of allegations of material falsity and deception concerning the domain names, and the ability of recipients to identify DMS from the body of the email, the Court should find that these claims are preempted and subject to dismissal.

The Court also should not entertain any argument by Plaintiffs that the emails are deceptive because the Plaintiffs were required to open them in order to determine the identity of the senders. *Compl.* ¶ 42. This argument has also been flatly rejected by the courts. *See Rosolowski*, 230 Cal. App. 4th at 1407; *see also Silverstein v. Keynetics, Inc.* 192 F. Supp. 3d 1045, 1052 (2016); *Wagner v. Spirer Vision LLC,* 2015 U.S. Dist. LEXIS 24258, *18 (N.D. Cal.

Feb. 27 2015).  It has been well established that where the sender or advertiser of an email can be determined from an email header or the body of an email, the emails are not materially false or deceptive for purposes of avoiding CAN-SPAM preemption.  *Silverstein*, 192 F. Supp. 3d at 1052; *Gordon,* 575 F.3d at 1063.  As demonstrated below, not only does the emails' identification of Defendant in the body thereof ultimately require a finding that no violation of 17529.5 may be found, but the fact that such identification may be established in the body of the email likewise demonstrates that there is no material falsity or deception present to avoid preemption.

### B. Plaintiffs Do Not Allege a Violation of Cal. Bus. & Pro. Code § 17529.5

*Rosolowski* decisively held that "a header line does not misrepresent the identity of the sender merely because it does not identify the name of the entity which sent the e-mail or merely because it does not identify an entity whose domain name is traceable from an online database, provided the sender's identity is readily ascertainable from the body of the e-mail." *Rosolowski*, 230 Cal. App. 4th at 1407.  While Plaintiffs rely on the holding in *Balsam* as it relates to the allegations that the headers of the subject emails contain false and untraceable domain names, the *Balsam* "court based its ruling on the fact that the sender deliberately used untraceable domain names . . ." but "express[ed] no judgment about other circumstances in which . . . the presence of other information identifying the sender in the body of the e-mail could affect liability under the statute." *Balsam,* 203 Cal. App. at 1101 n.17.  Nevertheless, the court in *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403 (2014), addressed emails from which the domain name could not be traced.  There, the court examined the bodies of the emails, finding that "[i]rrespective of the allegedly untraceable domain names herein, the identity of the sender was readily ascertainable from the body of the emails; therefore, Plaintiffs failed to state a cause of action against Guthy for mispresented header information under Section 17529.5, subdivision (a)(2)." *Id.* at 1414-15.

The alleged facts presented to the court in *Rosolowski* are analogous to those alleged in Plaintiffs' complaint: the domain names could not be traced to the emails' sender; the domain names did not include the names of existing companies or persons; the domains from which the emails originated were not traceable to the defendant; and a WHOIS search would not identify the

defendant as the registrant of the domains from which the emails originated.  However, the *Rosolowski c*ourt ultimately found that no claim for violation of 17529.5(a)(2) could be sustained because the emails "provided a hyperlink to the sender's website, and provided an unsubscribe notice as well as a physical address." *Id.* at 1416.  So too here.

Plaintiffs include an exemplar email, which is alleged to be a representative sample of those emails at issue. *Compl.* ¶ 1.  Plaintiffs allege that clicking the link in the email "immediately redirects through several URLs before landing at PLATINUM's website platinumautowarranty.com."  The email clearly indicates that a physical address is included, and that an unsubscribe link is also included.  Accordingly, by the Complaint's own admissions, the subject emails comply with the requirements set forth in *Rosolowski*.  Plaintiffs go to great lengths in their pleading to submit legal argument, rather than factual allegations, for the purpose of putting before the Court their belief for why *Rosolowski* is "illogical, irrelevant, and inapplicable" while *Balsam v. Trancos*, 203 Cal. App. 4th 1083 (1st Dist. 2012), a case both predating and expressly distinguished by *Rosolowski,* is the proper authority to govern their claims.   However, in so inappropriately submitting such legal argument as part of their Complaint, Plaintiffs simply ignore the extensive body of case law, both in California state court and the federal district courts, which has upheld and applied the holding of *Rosolowski*, to the exclusion of *Balsam*, in order to dismiss claims identical to those alleged by Plaintiffs.  *See e.g, Silverstein v. Keynetics, Inc.*, 192 F. Supp. 3d 1045 (N.D. Cal. 2016); *Wagner v. Spire Vision LLC*, 2015 U.S. Dist. LEXIS 24258 (N.D. Cal. 2015).

The *Rosolowski* standard applies to the subject emails.  Given that Defendant's identity could be, and was, readily ascertained from the body of the emails, as demonstrated by the exemplar provided by Plaintiffs (ie. hyperlink to a DMS Internet property website, an unsubscribe link and a mailing address), the emails were not materially falsified or misrepresented.  As a result, Plaintiffs fail to state a claim for which relief may be granted with respect to allegations that the subject emails violated 17529.5(a)(2) by virtue of the subject emails' headers.

1       Finally, Plaintiff further alleges violation of 17529.5(a)(2) resulting from the emails' subject lines. Notwithstanding the attempt to conclusorily allege that subject lines may give rise to a violation of 17529.5(a)(2), it is 17529.5(a)(3) that explicitly governs subject lines. The California Supreme Court has provided the roadmap on this point. In *Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334, 340 (2010), the Court defined header information as "the source, destination, and routing information attached to an electronic mail message, including the original electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message." It continued by identifying 17529.5(a)(3) as the subsection that "fully articulat[es] the standard applicable to e-mail subject lines." *Kleffman*, 49 Cal. 4th at 343. Plaintiffs' claims that "every . . . court that cites *Kleffman* (and its progeny) for the proposition that Subject Lines are not part of email headers is incorrect" demonstrates a wanton disregard for precedential jurisprudence. This Court is bound by California's highest court's interpretation of California state law and is not free to disregard it as Plaintiffs would insinuate.

      *Rosolowski*'s analysis of claims made with respect to subject lines is again both instructive and provides the necessary guidance to analyze the propriety of the Plaintiffs' subject line-related claims. In *Rosolowski*, the court rejected the notion that an e-mail's subject line must be viewed in isolation, rather than in conjunction with the body of the email for the purposes of analyzing a violation of 17529.5. *Rosolowski*, 230 Cal. App. 4th at 568. That standard of 17529.5(a)(3), however, is plainly not implicated by the emails at issue. The subject lines are not likely to mislead a recipient acting reasonably under the circumstances.

      Here, the exemplar email demonstrates that the subject lines identified by Plaintiffs: "[name or email address] please confirm your extended warranty plan," "[name or email address], Confirm your Auto Warranty Plan Extension," "Your Auto Warranty is Running Out!," and/or "Attention [name], Your Auto Warranty is Running Out!", are unlikely to mislead a recipient acting reasonably under the circumstances. Plaintiffs allege that these subject lines make reference to a preexisting relationship, but no such reference is made in any of the subject lines

cited by Plaintiffs. Subject lines found to be violative of 17529.5 in the past have been those that suggest that the recipient can obtain something for free doing a particular task. *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4h 805 (2nd Dist. 2011). That is not the case with the subject lines at issue. Here, the body of the email advertisements make clear not that an extended warranty can be obtained by performing a single task, like the emails in *Hypertouch*, but rather that warranty options were available for viewing upon visiting a separate website. Given that *Rosolowski* has rejected Plaintiffs' attempts to view the subject lines in isolation, it is impossible to find that a recipient acting reasonable under the circumstances would be likely to be misled when those subject lines are viewed in conjunction with the emails' body. Because the subject lines comply with the standard set forth in *Rosolowski*, there is no claim that they violate 17529.5 and Plaintiffs' claims for such must be dismissed.

### IV.   CONCLUSION

Plaintiffs' Complaint fails to plead a valid claim against DMS for violation of Bus. & Pro. Code §17529.5. Furthermore, the claims as alleged are preempted by the CAN-SPAM Act. Based on the foregoing, the Complaint should be dismissed against DMS.

Dated: January 29, 2019            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Jay T. Ramsey
JAY T. RAMSEY

KLEIN MOYNIHAN TURCO LLP
Neil Asnen (*pro hac vice* to be filed)

Attorneys for Defendants
DIGITAL MEDIA SOLUTIONS LLC