UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA GREENBERG, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>DIGITAL MEDIA SOLUTIONS LLC, et al.,<br><br>       Defendants. | Case No.  19-cv-00355-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

      The plaintiffs sued Digital Media Solutions in state court under California Business & Professions Code section 17529.5, alleging that Digital Media Solutions sent them misleading spam. To prevail on this state law claim, the plaintiffs must prove the spam was deceptive. But the plaintiffs are of the view that this statute does not require them to prove they were themselves deceived by the spam. They have not alleged that they were deceived, nor is there any indication in the papers that they were deceived.

      Digital Media Solutions removed the case based on diversity jurisdiction, and now the plaintiffs seek remand. The plaintiffs contend that because they were not deceived, and because they were not injured by the spam in any other way, there is no Article III standing, which means the case must be remanded. *Greenberger v. San Francisco Police Dep't*, 2001 WL 969048, at *2 (N.D. Cal. Aug. 13, 2001) ("Where plaintiffs in a removed action lack federal standing to sue, the action must be remanded, not dismissed.").

      Digital Media Solutions responds that section 17529.5 establishes a substantive right to be free from email spam, which is the type of injury that automatically gives rise to Article III standing, much like the Telephone Consumer Protection Act establishes a private right of action,

cognizable in federal court, for the nuisance of receiving unwanted calls from automated dialing systems. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017).

It may well be that Congress could establish a similar nuisance-type action for private recipients of unwanted emails (beyond the private right of action Congress has already created for internet service providers based on the specific adverse effect spam has on them). And perhaps a comparable state statute could similarly create a private right of action to address this type of nuisance that would be cognizable in federal court. On the other hand, even if Congress can elevate an injury to Article III status, it may not follow that a state legislature can do so as well. The Supreme Court explained in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) that "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," but presumably this positioning is at least partly (if not entirely) because Congress has authority over federal court jurisdiction, which state legislatures do not. *But cf. Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) ("While *Spokeo I* refers to Congress, neither side disputes that state legislatures are equally well-positioned to determine when an intangible harm is a concrete injury.")

In any event, in this case the state statute at issue does not target spam as a general nuisance; it singles out deceptive spam. Although there is some indication in the legislative history that the California Legislature viewed spam as a general annoyance, the conduct targeted by the actual language of the statute (and the only conduct the statute could permissibly target, because of federal preemption) is the transmission of misleading spam. Thus, the plaintiffs have not – at least based on the current record – suffered the injury the statute sets out to redress, because they were not deceived by the spam. *See Blanchard v. Fluent LLC*, 2018 WL 4373099 (N.D. Cal. Sept. 13, 2018). Moreover, even assuming that some injury other than being deceived could get this case into federal court, there is no indication in the complaint or the papers that the plaintiffs suffered any other type of injury. And it's far from clear that receipt of spam is inherently injurious in the same way that Congress has deemed telemarketing calls to cell phones from automated dialing systems.

To be sure, this is not an easy question, and at least one district court has taken a different view. *See Silverstein v. Keynetics, Inc.*, 2018 WL 5795776 (C.D. Cal. Nov. 5, 2018). But the closeness of the question itself counsels in favor of remand, because district courts should resolve doubts against removal jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Accordingly, the case is remanded to San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: May 1, 2019

_____
VINCE CHHABRIA
United States District Judge